UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
HARTFORD FIRE INSURANCE COMPANY a/s/o :
GATEWAY IV, LLC,                       :
                                       :
                Plaintiff,             :
                                       :
        -v-                            :        09 Civ. 10090 (JSR)
                                       :
GOODMAN MANUFACTURING COMPANY, L.P.,   :            ORDER
GOODMAN COMPANY, L.P., and GOODMAN     :
GLOBAL, INC.,                          :
                                       :
                Defendants.            :
------------------------------------ x
GAETANO DEVELOPMENT CORP. and GATEWAY  :
IV, LLC,                               :
                                       :
                Plaintiffs,            :
                                       :
        -v-                            :
                                       :
GOODMAN GLOBAL, INC., GOODMAN          :
COMPANY, L.P., and GOODMAN             :
MANUFACTURING COMPANY, L.P.,           :
                                       :
                Defendants.            :
------------------------------------ x
GOODMAN COMPANY, L.P.,                 :
                                       :
                Third-Party Plaintiff, :
                                       :
        -v-                            :
                                       :
TOWER MANUFACTURING CORPORATION,       :
                                       :
                Third-Party Defendant. :
------------------------------------ x

```
------------------------------------- x
TOWER MANUFACTURING CORPORATION,       :
                                       :
                Fourth-Party           :
                Plaintiff,             :
                                       :
        -v-                            :
                                       :
EVEREX COMMUNICATIONS, INC., PRIME     :
TECHNOLOGY (GUANGZHOU), INC.,          :
CONNECTICUT PTAC SERVICES, LLC, and    :
COOL TECH HVAC SERVICE, LLC,           :
                                       :
                Fourth-Party           :
                Defendants.            :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

On July 14, 2010, defendant/third-party plaintiff Goodman Company, L.P. purported to file a motion for reconsideration of this Court's Order dated July 9, 2010, accompanied by a memorandum of law purportedly filed under seal.  By Order dated July 16, 2010, the Court directed the unfiling of this motion and the accompanying memorandum of law and ordered that these papers be returned to counsel.

For reasons stated in open court, <u>see</u> Transcript, 7/20/10, the Court now permits the re-filing of the motion and memorandum <u>nunc pro tunc</u> to the date of their original filing but that re-filed motion is hereby denied.  Accordingly, the Clerk of the Court is hereby directed to re-file those papers (attached as exhibits hereto) on the public docket of this case.

However, the motion, as now re-filed, is hereby denied for the reasons stated from the bench, <u>see</u> Transcript, 7/20/10.

SO ORDERED.

2

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       July 23, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – –  x

GAETANO DEVELOPMENT CORP.,
GATEWAY IV, LLC, and HARTFORD FIRE
INSURANCE COMPANY a/s/o Gateway IV, LLC,

           Plaintiffs,

   -against-

GOODMAN MANUFACTURING COMPANY,
L.P., GOODMAN COMPANY, L.P. and
GOODMAN GLOBAL, INC.,

          Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – –  x

GOODMAN COMPANY, L.P.,

       Third-Party Plaintiff,

   -against-

TOWER MANUFACTURING CORPORATION,

      Third-Party Defendant.

– – – – – – – – – – – – – – – – – – – – – – – – – –  x

:
:
:  Case No. 09-CV-10090
:  (Consolidated)
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

## GOODMAN NOTICE OF MOTION FOR RECONSIDERATION OF JULY 9, 2010 ORDER, AND RE-CONSOLIDATION OF THE CASE

   **PLEASE TAKE NOTICE THAT,** upon the Order of the Court, dated July 9, 2010 (the "Order") and the papers of Tower Manufacturing Corporation ("Tower") in opposition to Goodman's motion for summary judgment against Tower, dated July 7, 2009, and all prior pleadings and proceedings herein, Defendants, Goodman Global, Inc., Goodman Manufacturing Company, LP and Goodman Company, L.P. (collectively, "Goodman") will move this Court, on July 20, 2010 at 5:00 PM, or as soon thereafter as counsel may be heard, for an order:

   1.  Granting reconsideration and reargument with regard to the Order, pursuant to Local Civil Rule 6.3, Rule 54(b) of the Federal Rules of Civil Procedure, Rule 59(e) of the Federal Rules of Civil Procedure, and/or Rule 60(b) of the Federal Rules of Civil Procedure;

2.      Granting re-consolidation of the action, pursuant to Rule 42(a) of the Federal

Rules of Civil Procedure; and

3.      Granting Goodman such other, further or supplementary relief as to the Court

may appear just and proper under the circumstances.

Dated: New York, New York
        July 14, 2010

JONES DAY

By:/s/Steven C. Bennett
    Steven C. Bennett (SB 2746)
    Maxime A. Guindo (MG 7898)
    JONES DAY
    222 East 41st Street
    New York, NY  10017
    Telephone:  (212) 326-3939
    Facsimile:   (212) 755-7306

    *Attorneys for Defendants Goodman*
    *Manufacturing Company, LP, Goodman*
    *Company, L.P. and Goodman Global, Inc.*

## CERTIFICATE OF SERVICE

I, Maxime A. Guindo, certify that the Goodman Notice of Motion for Reconsideration of July 9, 2010 Order, and Re-Consolidation of the Case was served on July 14, 2010, on the parties listed below via overnight mail:

| | |
|---|---|
| **David Feureisen**<br>Bartels & Feureisen, LLP<br>925 Westchester Avenue, Suite 304<br>White Plains , NY 10604<br>(914) 681-7175 | **Michael B. Golden**<br>Robinson & Cole LLP - NYC<br>885 Third Avenue, Ste. 2800<br>New York , NY 10022<br>(212) 451-2911 |
| **Barry L. Gerstman**<br>Haworth, Coleman &Gerstman, LLC<br>45 Broadway, 21st Floor<br>New York , NY 10004<br>(212)952-1103 | **Dennis Perlberg**<br>Speyer & Perlberg, LLP<br>115 Broadhollow Road, Suite 250<br>Melville, NY 11747<br>(631) 673-6670 |
| **Robert Churbuck**<br>Churbuck Calabria Jones & Materazo<br>43 East Barclay Street<br>Hicksville, NY 11801<br>(516) 931-2600 | |

s/Maxime Guindo
Maxime A. Guindo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAETANO DEVELOPMENT CORP., GATEWAY IV, LLC, and HARTFORD FIRE INSURANCE COMPANY a/s/o Gateway IV, LLC,<br><br>                                        Plaintiffs,<br><br>              -against-<br><br>GOODMAN MANUFACTURING COMPANY, L.P., GOODMAN COMPANY, L.P. and GOODMAN GLOBAL, INC.,<br><br>                                        Defendants. | Case No. 09-CV-10090 (Consolidated)<br><br>Confidential: Filed Pursuant to Protective Order |
| GOODMAN COMPANY, L.P.,<br><br>                            Third-Party Plaintiff,<br><br>              -against-<br><br>TOWER MANUFACTURING CORPORATION,<br><br>                            Third-Party Defendant. | |

**GOODMAN MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF JULY 9, 2010 ORDER, AND FOR RE-CONSOLIDATION OF THIS ACTION, AND MEMORANDUM OF LAW IN REPLY ON GOODMAN'S MOTION FOR SUMMARY JUDGMENT AGAINST TOWER**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................... 1

STATEMENT OF FACTS ......................................................................... 1

ARGUMENT ............................................................................................. 2

I.    TOWER'S POSITION REQUIRES RECONSIDERATION OF THE COURT'S JULY 9, 2010 ORDER, AND RE-CONSOLIDATION OF THE CASE................................................................................. 2

    A.    Reconsideration Is Appropriate ............................................. 2

    B.    Re-Consolidation Is Appropriate ........................................... 4

II.    TOWER'S OPPOSITION IS PROCEDURALLY DEFECTIVE ......... 5

III.    THE COURT MAY ENTER PARTIAL SUMMARY JUDGMENT ................... 6

IV.    TOWER'S "SPECIFICATIONS" DEFENSE MUST FAIL ................ 8

CONCLUSION ......................................................................................... 9

# TABLE OF AUTHORITIES

Page

CASES

Algie v. RCA Global Comm., Inc.,
891 F. Supp. 875 (S.D.N.Y. 1994) ........................................................................6

Bey v. IBEW Local Union #3,
2008 WL 821862 (S.D.N.Y. Mar. 26, 2008) (Rakoff, J.).........................................5

Cable Sci. Corp. v. Rochdale Village, Inc.,
920 F.2d 147 (2d Cir. 1990).................................................................................3

Devlin v. Transp. Comm. Int'l Union,
175 F.3d 121 (2d Cir. 1999).................................................................................5

Doe v. DeBuono,
193 F.R.D. 117 (S.D.N.Y. 2000) ..........................................................................4

Epstein v. Kemper Ins. Co.,
210 F. Supp.2d 308 (S.D.N.Y. 2002).....................................................................4

Foremost Guar. Corp. v. Pub. Equities Corp.,
1988 WL 125667 (S.D.N.Y. Nov. 10, 1988) .........................................................4

German v. Fed. Home Loan Mortg. Corp.,
896 F. Supp. 1385 (S.D.N.Y. 1995).......................................................................4

Henderson v. Metro. Bank & Trust Co.,
502 F. Supp.2d 372 (S.D.N.Y. 2007)......................................................................3

Jacobs v. Castillo,
612 F. Supp.2d 369 (S.D.N.Y. 2009)......................................................................5

Leahy v. Mid West Conveyor Co.,
507 N.Y.S.2d 514 (3rd Dep't 1982)........................................................................8

Lempel & Son Co. v. Boden,
1993 WL 256711 (S.D.N.Y. July 7, 1993) .............................................................4

Mazyck v. Johnson,
2009 WL 2707360 (E.D.N.Y. Aug. 25, 2009).........................................................2

Meloo v. New York Life Ins. Co.,
51 F.3d 372 (2d Cir. 1995).....................................................................................5

Munger v. Heider Mfg. Corp.,
    456 N.Y.S.2d 271 (3rd Dep't 1982) .................................................................8

National Union Fire Ins. Co. of Pitts. v. L.E. Myers Co.,
    937 F. Supp. 276 (S.D.N.Y. 1996) .................................................................6

New York State Teamsters Conf. Pension & Retire. Fund v. Express Servc., Inc.,
    426 F.3d 640 (2d Cir. 2005).........................................................................5

Sanluis Dev., L.L.C. v. CCP Sanluis, L.L.C.,
    556 F. Supp.2d 329 (S.D.N.Y. 2008).............................................................3

Schutter Candy Co. v. Stein Bros. Paper Box Co.,
    371 F.2d 340 (7th Cir. 1966) .......................................................................4

Scientific Components Corp. v. Sirenza Microdevices, Inc.,
    2006 WL 2524187 (E.D.N.Y. Aug. 30, 2006)...................................................8

Shop Vac Corp. v. BCL Magnetics Ltd.,
    2005 WL 2739161 (N.D.N.Y. Oct. 24, 2005) ..................................................8

United Magazines Co. v. Murdoch Magazines Distrb., Inc.,
    353 F. Supp.2d 433 (S.D.N.Y. 2004).............................................................6

Villafane Elec. Corp. v. Reliance Ins. Corp.,
    2004 WL 385041 (S.D.N.Y. Mar. 2, 2004) ....................................................5

Wantanabe Realty Corp. v. City of New York,
    315 F. Supp.2d 375 (S.D.N.Y. 2003).............................................................6

Winbourne v. Eastern Air Lines, Inc.,
    632 F.2d 219 (2d Cir. 1980).........................................................................6

Zampardi v. Miller Johannisbwerg GmbH,
    1990 WL 68871 (E.D.N.Y. May 17, 1990) .....................................................8

**RULES**

Fed. R. Civ. P. 42(a) ...............................................................................5

Fed. R. Civ. P. 54(b) ...............................................................................2

Fed. R. Civ. P. 56(d) .........................................................................6, 7, 9

Fed. R. Civ. P. 56(d)(1)............................................................................6

Fed. R. Civ. P. 59(e) ...............................................................................2

Fed. R. Civ. P. 60(a) ...............................................................................2

Fed. R. Civ. P. 60(b) .................................................................................................3

Local Civil Rule 6.3 ..............................................................................................1, 2

Local Civil Rule 56.1(c) ...........................................................................................7

## PRELIMINARY STATEMENT

At the April 14, 2010 conference in this case, the Court recognized that "trying th[is] case twice" was a "relevant factor" in determining whether the case should proceed as consolidated. Tr. of 4/14/2010 at 21.  That prediction has proved prescient.  This case is now on course for one trial (in August) based on one factual and expert theory, and another trial (in December) based on another entirely different theory.  In the process, Goodman will be left holding the bag.

This Court's July 9, 2010 Order granting summary judgment, premised on the assumption that the electrical cords supplied by Tower caused the incidents in this case, is directly contradicted by Tower's summary judgment opposition papers (filed two days before the Court's ruling), which point to the circuit board as the central cause of the incidents.  Tower, moreover, insists that it cannot be bound by any determination by this Court that the cords caused the problem.  Thus, Tower has set itself up to whipsaw Goodman with liability, but no reasonable opportunity for indemnification.

The solution, in Goodman's view, is to reconsider the July 9, 2010 Order, in light of Tower's summary judgment opposition papers, and to re-consolidate this case, so that all facts regarding these incidents can be weighed by a single jury, at a single trial.  The Court, moreover, may enter partial summary judgment against Tower.

## STATEMENT OF FACTS

In accordance with Local Civil Rule 6.3, Goodman submits that the following facts are relevant to its motion for reconsideration:

(1)      In their motion for summary judgment, Plaintiffs asserted that "[a]ll of the experts agreed that the origin of the [first] two fires were the PTAC units and the cause of the two fires was the over-heating of the defective power cords." Pls. 56.1 Stmt., ¶ 29.  In its opposition to Goodman's summary judgment motion, Tower asserted that "[d]esign defects with Everex's

M61 circuit boards have not been ruled out as a cause of the PTAC fires." Tower 56.1 Stmt. at

p. 10, ¶¶ 51-55. Further, Tower asserted that the "claim that Tower's power cord caused the

three PTAC fires at plaintiff's building is speculative and not supported by the evidence." Id. at

12, ¶¶ 62-65.

     (2)     Plaintiffs submitted the expert reports of James M. Pryor, Brian Gsell and Andrew

Diamond, all of which pointed to defects in the Tower-supplied power cords. See S. Gaetano

Aff., Exhs. K, L, N. Tower has submitted the expert affidavit of Allen C. Eberhardt, which

concluded that it is "far more likely that the fires were caused by Everex's circuit board rather

than Tower's power cord."[1] See Eberhardt Aff. (attached as Exhibit B to Haworth Declaration).

**ARGUMENT**

## I.    TOWER'S POSITION REQUIRES RECONSIDERATION OF THE COURT'S JULY 9, 2010 ORDER, AND RE-CONSOLIDATION OF THE CASE

### A.    Reconsideration Is Appropriate

     Under Local Civil Rule 6.3, a party may move for reconsideration or re-argument of a

court order where the court has "overlooked" factual matters or controlling decisions.[2] Rule

54(b), in turn, permits "any order" that adjudicates "fewer than all the claims or the rights and

liabilities of fewer than all the parties" to be "revised at any time before the entry of a judgment

adjudicating all the claims[.]" Fed. R. Civ. P. 54(b). Rule 59(e) permits a court to "alter or

amend a judgment" within 28 days after entry of the judgment. Rule 60(a) permits a court to

"correct" a "mistake arising from oversight or omission, whenever one is found[.]" And Rule

---

    [1] Eberhardt indicated that he had reviewed the discovery materials exchanged between the parties, which included the Pryor, Gsell and Diamond reports. Eberhardt thus directly contradicted those reports.

    [2] Essentially the same standard applies to both Local Civil Rule 6.3 and (at least) Rule 59(e) of the Federal Rules. See Mazyck v. Johnson, 2009 WL 2707360 at *2 n.7 (E.D.N.Y. Aug. 25, 2009).

60(b) permits a court to "relieve" a party from a "final judgment, order, or proceeding" on grounds of "mistake" or "newly discovered evidence." Fed. R. Civ. P. 60(b)(1)-(2).

Under any of these standards, the Court has full power to amend the July 9, 2010 Order, on grounds of "new evidence" or to "prevent manifest injustice." See 18 C. Wright A. Miller & E. Cooper, Federal Practice & Procedure Sec. 4478 at 790 (2002) (citing cases). Indeed, these rules were expressly designed to permit a court to review and revise an order based on facts or legal theories that have been "overlooked." Sanluis Dev., L.L.C. v. CCP Sanluis, L.L.C., 556 F. Supp.2d 329, 331 (S.D.N.Y. 2008) (reconsidering opinion and order). In particular, where "controlling decisions or data" that the court has overlooked might "reasonably be expected to alter the conclusion reached by the court," reconsideration is appropriate. Henderson v. Metro. Bank & Trust Co., 502 F. Supp.2d 372, 376 (S.D.N.Y. 2007) (reconsidering forum non conveniens ruling, where after ruling plaintiff's counsel discovered extremely high filing fee for proceeding in foreign jurisdiction, which changed "balance" of factors affecting motion).

Where, as here, facts not considered by the court could affect a ruling on summary judgment, reconsideration is appropriate. See Cable Sci. Corp. v. Rochdale Village, Inc., 920 F.2d 147, 150 (2d Cir. 1990) (reversing grant of summary judgment, and district court denial of motion for reconsideration, where "new evidence" affected outcome of motion). As summarized in the statement of facts above, the Tower papers in opposition to Goodman's motion for summary judgment directly contradict the facts underlying the Court's July 9, 2010 Order. That opposition, filed just two days before the Court's ruling, apparently was not part of the evidence the Court reviewed in preparing the Order. That opposition, if deemed to create issues of fact in this part of the case, must a fortiori create similar issues of fact in the main part of the case.

B.    Re-Consolidation Is Appropriate

In general, "courts take a dim view of severance where a risk of inconsistent verdicts is present[.]" Doe v. DeBuono, 193 F.R.D. 117, 126 (S.D.N.Y. 2000). Thus, joinder of claims is "strongly encouraged," especially where the "same" evidence is to be presented in two parts of a case. Epstein v. Kemper Ins. Co., 210 F. Supp.2d 308, 320 (S.D.N.Y. 2002); German v. Fed. Home Loan Mortg. Corp., 896 F. Supp. 1385, 1401 (S.D.N.Y. 1995) (severance denied where "significant danger of inconsistent judgments" arose, because "same witnesses" and "same evidence" would be presented in two proceedings); Foremost Guar. Corp. v. Pub. Equities Corp., 1988 WL 125667 at *6 (S.D.N.Y. Nov. 10, 1988) (where "possibly inconsistent verdicts" could result, severance would not "further the interests of justice").

Here, a significant risk of inconsistent verdicts appears. If Tower gets its way, Goodman may be stuck with liability, based on a theory that the Tower power cords were defective, and Tower can thereafter ignore that ruling, and the evidence that supports it, and present its own alternate theory, to a new jury. Indeed, Tower expressly states that such is its intent: "To the extent Goodman may attempt to rely on a finding of fact in the main action adverse to Tower, it has no basis for this position."[3] Tower Mem. at 17 (claiming that collateral estoppel cannot apply because Tower "has not had a reasonable opportunity to fully participate in those proceedings in order to defend its position that its power cords were not the cause of the fires").

---

[3] The legal bases of Tower's position are debatable. The court in Lempel & Son Co. v. Boden, 1993 WL 256711 (S.D.N.Y. July 7, 1993) (cited by Tower) did not suggest that the decision in one part of a severed case could never have collateral estoppel effects in another part of the case. Instead, the court held that, where the issue in one part was "completely separate," and "arose only" between the parties in that part of the case, such that there was "no need for the third-party defendants to participate," those defendants would not be bound by the results in the first part of the case. Id. at *4. The Lempel court noted a contrary case, where preclusion did apply, because additional defendants "participated fully in a trial on the merits, and inferentially, had the opportunity to present [their] arguments in an appropriate forum." Id. (citing County of Cook v. Midcon Corp., 574 F. Supp. 902 (N.D. Ill. 1983)). Further, in Schutter Candy Co. v. Stein Bros. Paper Box Co., 371 F.2d 340 (7th Cir. 1966) (cited by Tower), the first-party defendant admitted liability, and thus the first trial in the severed case concerned damages only. Thus, the third-party defendants "had no opportunity to participate" in the first proceedings, to contest liability. See id. at 342.

Under Rule 42, a court may, at any time, "join for hearing or trial any or all matters at issue," where actions before the court present "a common question of law or fact." Fed. R. Civ. P. 42(a); see Devlin v. Transp. Comm. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (court may sua sponte consolidate, where "equity and judicial economy" command); Jacobs v. Castillo, 612 F. Supp.2d 369, 373 (S.D.N.Y. 2009) (consolidating where tort cases involved "same" plaintiffs, legal theory, time period, and defendants); Villafane Elec. Corp. v. Reliance Ins. Corp., 2004 WL 385041 at *1 (S.D.N.Y. Mar. 2, 2004) (consolidating where both cases "arise out of the same facts and transactions"). Given the palpable risk of inconsistent results here, re-consolidation of the severed case is required.

## II.   TOWER'S OPPOSITION IS PROCEDURALLY DEFECTIVE

Failure of a party to seek discovery before responding to a summary judgment motion is "itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate."[4] New York State Teamsters Conf. Pension & Retire. Fund v. Express Servc., Inc., 426 F.3d 640, 648 (2d Cir. 2005); Bey v. IBEW Local Union #3, 2008 WL 821862 at *27-28 (S.D.N.Y. Mar. 26, 2008) (Rakoff, J.) ("dilatory" request for discovery, where "nothing prevented [party] from raising [discovery] issues prior to the filing of the summary judgment motion" held "insufficient").

Here, the indisputable facts show: (1) Tower has been aware of this dispute since April 2009 (shortly after the first incident); (2) Goodman filed suit against Tower only because Tower refused to cooperate in defense of this action; (3) Tower refused to sign a protective order; (4) Tower refused to participate in discovery (until ordered to do so, by the Court); (5) Tower refused to participate in summary judgment (again requiring a Court order); (6) Tower refused to

---

[4] By contrast, where a party "could hardly have time to digest" documentation" produced in discovery, much less to take depositions," summary judgment may be denied on grounds of Rule 56(f). See Meloo v. New York Life Ins. Co., 51 F.3d 372, 375 (2d Cir. 1995) (cited by Tower). That circumstance does not appear here.

cooperate in resolving discovery disputes; (7) Tower refused to proceed with depositions (or

even identify the witnesses it considered important to the dispute); (8) Tower refused to

cooperate in inspections and testing; and (9) Tower refused to identify necessary third-party

discovery. See generally Bennett Reply Dec., July 14, 2010. On this record, Tower's claim that

it has been denied discovery rings entirely hollow.

## III.    THE COURT MAY ENTER PARTIAL SUMMARY JUDGMENT

Under Rule 56(d), where "summary judgment is not rendered on the whole action," a

court "should, to the extent practicable, determine what material facts are not genuinely at issue."

Based on a review of the pleadings and evidence before it," and by "interrogating the attorneys,"

the court "should then issue an order specifying what facts . . . are not genuinely at issue." Fed.

R. Civ. P. 56(d)(1).

The purpose of Rule 56(d) is to "salvage whatever constructive results have come from

the judicial effort" involved in a summary judgment motion." National Union Fire Ins. Co. of

Pitts. v. L.E. Myers Co., 937 F. Supp. 276, 285 (S.D.N.Y. 1996) (quoting Moore's treatise);

Algie v. RCA Global Comm., Inc., 891 F. Supp. 875, 883 (S.D.N.Y. 1994) (rule may "speed up

litigation by eliminating before trial matters wherein there is no genuine issue of fact") (quoting

Advisory Committee notes). The procedure should be used where an issue "can and should be

removed from further dispute[.]" Winbourne v. Eastern Air Lines, Inc., 632 F.2d 219, 225 (2d

Cir. 1980) (suggesting that, on remand, district court enter an order granting partial summary

judgment); United Magazines Co. v. Murdoch Magazines Distrb., Inc., 353 F. Supp.2d 433, 448

(S.D.N.Y. 2004) (facts "deemed established," based on summary judgment record). This

approach, moreover, may be used where parties otherwise "cannot arrive at factual stipulations

sufficient to limit the scope of proof at trial[.]" Wantanabe Realty Corp. v. City of New York,

315 F. Supp.2d 375, 404 (S.D.N.Y. 2003).

Here, Tower admits facts 1-64 in Goodman's Rule 56.1 Statement. Those facts should be "deemed established" for purposes of further proceedings involving Tower.

Further, although Tower admits that a host of additional documents are genuine and authentic, it insists that the facts must be denied because some other fact is supposedly true. For example, Goodman demonstrated that it maintains "standard Purchase Order Terms and Conditions," with regard to goods sold to Goodman by suppliers. Goodman 56.1 Stmt., ¶ 65 (citing example of standard Terms). Tower admits that the document is genuine, and that the statement is correct, but makes the legal argument that it did not violate the Terms. See Tower Opp. 56.1 Stmt., ¶ 65. Under Local Civil Rule 56.1(c), this fact must be "deemed to be admitted" because it is not "specifically controverted." The same is true with regard to Goodman's assertion that the Terms applied to "all Goodman purchases of power cords from Tower[.]" Goodman 56.1 Stmt., ¶ 66.

Similarly, Tower admits that a May 2008 Corrective Action Notification ("CAN") is genuine (and Tower specifically commented on the form). Goodman 56.1 Stmt., ¶ 67. That document establishes, among other things, that (at least until May 2008), Tower was not using AMP brand terminating machines and applicators for its power cords. Tower's contention that the CAN "did not relate" to power cords supplied in October 2007 (even if presumed true), does not deny the authenticity of the document, or the essential facts contained therein. Finally, Tower admits that it never reported any defect in its production and quality procedures to the CPSC, again offering only the legal argument that its cords were not "defective," and that no report to the CPSC was required. See Tower Opp. 56.1 Stmt., ¶ 70. The Court can weigh the significance of Tower's legal argument, but there should be no dispute about the underlying facts here. An order pursuant to Rule 56(d) is appropriate.

## IV.    TOWER'S "SPECIFICATIONS" DEFENSE MUST FAIL

Adopting the "I was just following orders" defense, Tower asserts that "a component

manufacturer may not be held liable where the component was manufactured according to

designs, plans, or specifications furnished by the manufacturer of the final product."  Tower

Mem. at 6.  The case of <u>Leahy v. Mid West Conveyor Co.</u>, 507 N.Y.S.2d 514 (3rd Dep't 1982),

on which Tower principally relies, stands only for the modest proposition that where a machine

is built to the "exact specifications" of a buyer, and the alleged breach of a warranty of

merchantability "relates to [that] design," no breach of a warranty of merchantability arises.[5]  <u>Id.</u>

at 515.

In <u>Scientific Components Corp. v. Sirenza Microdevices, Inc.</u>, 2006 WL 2524187

(E.D.N.Y. Aug. 30, 2006), the court, distinguishing <u>Leahy</u>, held that, where specifications did

not mention certain design characteristics, the specifications were not inconsistent with a

warranty of merchantability, and the <u>Leahy</u> rule did not apply.  <u>Id.</u> at *8-9 and n.6.  Similarly, in

<u>Shop Vac Corp. v. BCL Magnetics Ltd.</u>, 2005 WL 2739161 (N.D.N.Y. Oct. 24, 2005), the court,

again distinguishing <u>Leahy</u>, held that, where the manufacturer did not provide "detailed

specifications" regarding a component, and "unspecified factors" could affect that performance

of the component, the specification defense might not apply.  <u>Id.</u> at *4-5.  Finally, in <u>Zampardi v.</u>

<u>Miller Johannisbwerg GmbH</u>, 1990 WL 68871 (E.D.N.Y. May 17, 1990), the court, again

distinguishing <u>Leahy</u>, held that a supplier that knows that its product is dangerous must warn

users of the danger.  <u>Id.</u> at *3.

Here, even on Tower's factual submission, Tower argues <u>only</u> that the Goodman design

specifications "did not require" AMP brand tooling and "did not require" that Tower perform a

---

[5] Similarly, <u>Munger v. Heider Mfg. Corp.</u>, 456 N.Y.S.2d 271 (3rd Dep't 1982) (cited by
Tower) merely held that a component manufacturer had no duty to foresee that the assembler of
a machine might post appropriate "warnings of dangerous moving parts," where there was no
proof that that the components were "wrongfully manufactured."  <u>Id.</u> at 272.

pull test.  See Tower Mem. at 7-8.  Further, the entire thrust of the Leahy case is a limitation on

the doctrine of implied warranty of merchantability.  Here, Goodman asserts a claim for breach

of contract (compliance with the CPSA by identifying any "defect" in the product—whether part

of the design or not).  Goodman also asserts a claim for breach of express warranty; not simply

that the goods will "conform to the specifications; drawings, samples or other description

furnished or specified," but that they will also "be of the highest grade and quality unless

otherwise specified," and "will be merchantable, of good material and workmanship, and free

from defect."  See Terms.  Thus, Tower's assertion that the goods were made to Goodman's

specifications (which Goodman disputes) is legally irrelevant.  The Court may appropriately

opine (pursuant to Rule 56(d)) that the doctrine outlined in the Leahy case does not apply here.

## CONCLUSION

For the foregoing reasons, the Court should:  (1) grant reconsideration of the July 9, 2010

Order; (2) deny summary judgment to Plaintiffs; (3) re-consolidate the case; (4) grant partial

summary judgment against Tower and (5) grant Goodman such other or alternative relief as the

Court may deem appropriate.

Dated: New York, New York
July 14, 2010

JONES DAY

By:/s/Maxime A. Guindo
    Steven C. Bennett (SB 2746)
    Maxime A. Guindo (MG 7898)
    JONES DAY
    222 East 41st Street
    New York, NY  10017
    Telephone:  (212) 326-3939
    Facsimile:  (212) 755-7306

    *Attorneys for Defendants Goodman*
    *Manufacturing Company, LP, Goodman*
    *Company, L.P. and Goodman Global, Inc.*