```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
HARTFORD FIRE INSURANCE COMPANY a/s/o :
GATEWAY IV, LLC,                     :
                                     :
               Plaintiff,            :
                                     :
          -v-                        :    09 Civ. 10090 (JSR)
                                     :
GOODMAN MANUFACTURING COMPANY, L.P., :    MEMORANDUM ORDER
GOODMAN COMPANY, L.P., and GOODMAN   :
GLOBAL, INC.,                        :
                                     :
               Defendants.           :
------------------------------------ x
GAETANO DEVELOPMENT CORP. and GATEWAY :
IV, LLC,                             :
                                     :
               Plaintiffs,           :
                                     :
          -v-                        :
                                     :
GOODMAN GLOBAL, INC., GOODMAN        :
COMPANY, L.P., and GOODMAN           :
MANUFACTURING COMPANY, L.P.,         :
                                     :
               Defendants.           :
------------------------------------ x
GOODMAN COMPANY, L.P.,               :
                                     :
               Third-Party Plaintiff,:
                                     :
          -v-                        :
                                     :
TOWER MANUFACTURING CORPORATION,     :
                                     :
               Third-Party Defendant.:
------------------------------------ x
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/10

```
------------------------------------x
TOWER MANUFACTURING CORPORATION,    :
                                    :
            Fourth-Party            :
            Plaintiff,              :
                                    :
      -v-                           :
                                    :
EVEREX COMMUNICATIONS, INC., PRIME  :
TECHNOLOGY (GUANGZHOU), INC.,       :
CONNECTICUT PTAC SERVICES, LLC, and :
COOL TECH HVAC SERVICE, LLC,        :
                                    :
            Fourth-Party            :
            Defendants.             :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

    Pending before the Court is the motion of defendant/third-party plaintiff Goodman Company, L.P. ("Goodman") for summary judgment against Tower Manufacturing Corporation ("Tower") requiring Tower to indemnify Goodman for any damages recovered by the plaintiffs in the above-captioned action. After receiving full briefing on this motion and hearing oral argument, the Court hereby denies the motion for the reasons that follow.

    By way of background, on December 10, 2009, plaintiff Hartford Fire Insurance Company ("Hartford"), as subrogee of Gateway IV, LLC ("Gateway"), filed a complaint to recover damages resulting from fire losses caused by combination heating and air-conditioning units ("PTAC Units") manufactured by Goodman and installed in a condominium building owned by Gateway. Shortly thereafter, Gateway, along with Gaetano Development Corp. ("Gaetano"), the condominium project's developer, filed a separate complaint seeking recompense from Goodman

for the damages caused by these fires. On February 18, 2010, the Court ordered the consolidation of these two cases.

On March 1, 2010, Goodman filed a third-party complaint against Tower seeking indemnification and contribution on the ground that the fires were a result of defects in the PTAC Units' power cords, which Tower manufactured. Following a case management conference on April 14, where it became clear that Tower itself planned to implead additional defendants, the Court severed for trial purposes the third-party action between Goodman and Tower from the main action between Hartford, Gaetano, Gateway, and Goodman. On May 18, Tower filed a complaint against the above-captioned forth-party defendants.

On May 28, Goodman moved for summary judgment not only against Gateway and Gaetano, but also against Tower, and sought contribution and indemnification from Tower as a result of the allegedly defective power cords. Tower protested that the filing of this motion was premature: the case management order for the severed action provided that discovery could proceed up until November 29, 2010 and that summary judgment motions in that action need not be filed until December 15, 2010. The Court nonetheless directed Tower to file its opposition papers by July 7, 2010. Tower duly submitted, inter alia, an affidavit from counsel identifying material discovery that had not been completed, see Fed. R. Civ. P. 56(f) Aff. of Scott Haworth, 7/7/2010; a declaration from a senior design engineer at Tower asserting that the power cords for the PTAC Units sold to the

3

plaintiffs were manufactured in conformity with Goodman's specifications in effect at the time, see Decl. of Chepur P. Rao, 7/7/10 ("Rao Decl."); and an expert affidavit asserting that defects in the PTAC Units' circuit boards (manufactured by fourth-party defendant Everex Communications, LLC) -- rather than defects in the power cords -- caused the fires, see Decl. of Scott Haworth, 7/7/10, Ex. B (Aff. of Allen E. Eberhardt, Ph.D., 7/7/10).

On July 9, the Court issued its "bottom-line" ruling on the summary judgment motion practice among Gateway, Gaetano, Hartford, and Goodman, with opinion to follow. In that Order, the Court granted summary judgment to plaintiffs on most of their theories of liability and denied in most respects Goodman's various motions to limit plaintiffs' damages. On July 14, in conjunction with its reply memorandum in support of its summary judgment motion against Tower, Goodman filed a purported motion for reconsideration of the July 9 Order and for re-consolidation of the cases. The Court, after initially rejecting the filing of this motion as in violation of the undersigned's Individual Rules of Practice, heard argument on the purported motion, permitted it to be refiled nunc pro tunc, and denied it. See Orders dated July 16 and July 23, 2010. Thereafter, Goodman settled its disputes with Gateway, Gaetano, and Hartford, without prejudice to continuing its suit against Tower. See Letter from Steven C. Bennett dated 7/26/10 (D.I. 90); Stipulation and Order of Dismissal dated 7/30/10.

Turning to the pending motion, the Court notes that Goodman, in its reply memorandum and at oral argument, all but concedes that genuine issues of material fact remain as to Tower's obligation to indemnify. Indeed, as demonstrated by the affidavits cited above, it is apparent to the Court that there are a number of disputed fact issues precluding the entry of summary judgment. These issues include the questions of whether the power cords of the affected PTAC units were designed to Goodman's specifications and whether the Everex circuit boards played some independent role in causing the fires. Additionally, although Goodman argues that a Corrective Action Notice ("CAN") issued by Tower with respect to its power cords was an admission that the power cords were defective, Tower has come forward with evidence that this notice did not address the particular power cords that were included in the PTAC Units delivered to the plaintiffs, see Rao Decl. ¶ 12, thus creating an issue for trial. And in any event, Tower has persuasively demonstrated to the Court that further discovery may reveal facts material to the aforementioned fact issues, as well as to the conduct of Goodman and certain of the fourth-party defendants in respects material to Tower's alleged obligation to indemnify.

Despite acknowledging the existence of these genuinely disputed issues of material fact, Goodman still seeks an order of partial summary judgment pursuant to Federal Rule of Civil Procedure 56(d). According to Goodman, the trial in this matter may be aided by the Court's identification of certain limited material facts that are

not genuinely at issue, such as the authenticity of the CAN and Tower's admissions to those portions of Goodman's Local Rule 56.1 statement of undisputed facts addressed to its motions against Gateway, Gaetano, and Hartford. The Court, however, finds that these are not the sorts of undisputed facts that call for an order of partial summary judgment. See Durant v. Traditional Inv., Ltd., 135 F.R.D. 42, 52 (S.D.N.Y. 1991) (denying motion for Rule 56(d) order when the entry of such an order "would not materially expedite the adjudicative process"); Meschino v. Int'l Tel. and Tel. Corp., 563 F. Supp. 1066, 1073 (S.D.N.Y. 1983) (noting that the purpose of Rule 56(d) is to "limit the scope of the trial by removing 'sham issues from the case'" and holding that purpose would not be served when the movant urged findings as to facts that "will have to be introduced in some form or another at trial and are not contested"). Here, the Court finds that "it will be less confusing for the jury if these facts are established at trial in the normal presentation of evidence by both sides," Meschino, 563 F. Supp. 2d at 1073, and accordingly declines to enter Rule 56(d) findings.

For the foregoing reasons, Goodman's motion for summary judgment against Tower is hereby denied in all respects. The Clerk of the Court is directed to close document number 31 on the docket of this case.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        August 3, 2010