UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------X

GAETANO DEVELOPMENT CORP., GATEWAY IV, LLC, and HARTFORD FIRE INSURANCE COMPANY a/s/o Gateway IV, LLC,

Plaintiffs,

-against-

GOODMAN MANUFACTURING COMPANY, L.P., GOODMAN COMPANY, L.P. and GOODMAN GLOBAL, INC.

Defendants.

--------------------------------------------------------------------------X

Judge Rakoff

Case No.: 09-CV-10090

GOODMAN COMPANY, L.P.

Third-Party Plaintiff,

-against-

TOWER MANUFACTURING CORPORATION,

Third-Party Defendant

--------------------------------------------------------------------------X

TOWER MANUFACTURING CORPORATION,

Second Third-Party Plaintiff,

-against-

EVEREX COMMUNICATIONS, INC., PRIME TECHNOLOGY (GUANGZHOU), INC., CONNECTICUT PTAC SERVICES, LLC, and COOL TECH HVAC SERVICE, LLC

Second Third-Party Defendants.

--------------------------------------------------------------------------X

## DECLARATION OF ALEX SY IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT SUBMITTED BY EVEREX

Alex Sy declares, pursuant to the provisions of 28 U.S.C. § 1746, as follows:

1. I am the Chief Executive Officer of the Second Third-Party Defendant Everex Communications, Inc. ("Everex") and have held that position since 2002. In that position, I design network products, wireless communication products and building management controllers. I attained a Bachelor of Science in Electrical Engineering in 1979. I developed the architecture of the M61 PCBA ("control board"). I have personal knowledge regarding the design, production, testing and sales of the control board.

2. I make this Declaration in support of Everex's motion for summary judgment.

3. Everex designed the control board at issue in this litigation. It did not manufacture the control boards. Over a million of these control boards have been sold over the past five years. The Everex control board is a component in the Goodman PTAC units.

4. I have been advised that three fires occurred at the Lore, which is the subject of this action. I worked with Goodman and the design team at Everex to determine the cause and origin of the fires. As such, I analyzed the control boards, the loosely crimped Tower Manufacturing Corporation's ("Tower") power cord and physical evidence from the fires.

5. All of the fires involved in this case originated at or near the vicinity of LINE 2-J305 terminal on the Everex board where the Tower power cord's black insulated conductor connects to the control board. The cause of all of the fires was a defective, loose crimp on the Tower power cord's black insulated conductor. The loose

crimp caused the Tower power cord to overheat which caused its PVC insulation to melt and its copper wires to oxidize. When PVC insulations melt, the melted insulation becomes carbonized, partially conductive and corrosive. Some of the melted/carbonized insulation material and melted copper from the overheated wire strands gets deposited onto the Everex control board. As a result of the excessive heat from the loose crimp and from the melted/carbonized insulation and/or copper deposits on the board, the Everex board becomes degraded where the Tower power cord is attached to the Everex control board. The degrading of the control board, resulting from the overheated, defective power cord, created conditions that allowed an arc to occur and caused the fires in our case.

6. I understand that Tower and its experts have taken the position that the spacing of the terminals where the Tower power cord attached to the control board are inadequate and failed to comply with the standards of Underwriters Laboratories ("UL"). It can be demonstrated as a matter of law that Tower and its experts are incorrect as they have misread or misinterpreted the UL standard. Everex sought and obtained the approval of UL for the control board prior to its production. The control board proudly displays the UL logo on it. Approval from UL means that the control board met or exceeded all of UL's requirements for such a control board. This includes UL 873 entitled, Temperature Indicating and Regulating Equipment.

7. Tower and its experts fail to account for or simply ignore the footnotes contained in Table 32.1 of UL 873, which sets forth the minimum spacing for controls. Tower erroneously applies minimum spacing standards for opposite polarity terminals when the terminals in question on the Everex control board are not of opposite polarity.

The applicable footnotes, footnotes e. and g., provide for a minimum spacing between same polarity live parts like the terminals in question to be not be less than 1/32 inch through air and 1/16 inch or surface and not be less than 1/32 inch through air and 3/64 inch over surface. The Everex control board satisfies the requirements of both footnotes. It is uncontested that the spacing between the terminals at issue is 2.0 mm or 0.07874 inches. This distance clearly exceeds the UL requirements for minimal spacing between same polarity live parts and is why UL approved the board.

8. I have investigated the fires involving the Goodman PTAC units that caused damage to an end user's property. All of these fires were to PTAC units that had a loosely crimped Tower power cord attached to the PTAC unit at the time of the fire or previously had a loosely crimped Tower power cord attached to it that was replaced prior to the fire. If there were a defect in the circuit board, at least some of the fires would have occurred where the board was not subjected to Tower's loosely crimped power cord. Moreover, if there was any problem with the spacing of the terminals in question, Everex or Goodman would have made a modification of the spacing. We have not. The only modification of the PTAC units sold today that we are aware of is the PTAC units are no longer sold with defective, loosely crimped Tower power cords.

9. Accordingly, by reason of the foregoing, it is respectfully requested that this Court grant the motion for summary judgment by Everex and that all claims against it be dismissed.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated: Fremont, California
February 11, 2011

Alex Sy

*S:\CURRENT\DMP\Everex adv. Goodman\Motions\Everex's Motion for Summary Judgment\Sy Declaration in support of SJ motion.doc*