UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – x
GAETANO DEVELOPMENT CORP., GATEWAY            :
IV, LLC, and HARTFORD FIRE INSURANCE          :
COMPANY a/s/o Gateway IV, LLC,                :   Case No. 09-CV-10090
                                              :   (Consolidated)
                Plaintiffs,            :
                                              :
   -against-                                 :
                                              :
GOODMAN MANUFACTURING COMPANY, L.P.,          :
GOODMAN COMPANY, L.P. and GOODMAN             :
GLOBAL, INC.,                                 :
                                              :
                Defendants.            :
– – – – – – – – – – – – – – – – – – – – – – – – – – x
GOODMAN COMPANY, L.P.,                        :
                                              :
                Third-Party Plaintiff, :
                                              :
   -against-                                 :
                                              :
TOWER MANUFACTURING CORPORATION,              :
                                              :
                Third-Party Defendant. :
– – – – – – – – – – – – – – – – – – – – – – – – – – x
TOWER MANUFACTURING CORPORATION,              :
                                              :
                Second Third-Party Plaintiff, :
                                              :
   -against-                                 :
                                              :
EVEREX COMMUNICATIONS, INC., PRIME            :
TECHNOLOGY (GUANGZHOU), INC.,                 :
CONNECTICUT PTAC SERVICES, LLC, and           :
COOL TECH HVAC SERVICE, LLC                   :
                                              :
                Second Third-Party Defendants. :
– – – – – – – – – – – – – – – – – – – – – – – – – – x

**<u>TOWER'S OPPOSITION TO EVEREX'S LOCAL RULE 56.1 STATEMENT</u>**

Tower provides the following response to second third-party defendant Everex Communications, Inc.'s Local Rule 56.1 Statement of Undisputed Material Facts:

1. Admitted
2. Admitted
3. Admitted
4. Admitted
5. Admitted
6. Admitted
7. Admitted
8. Admitted
9. Admitted
10. Admitted
11. Admitted
12. Admitted
13. Admitted
14. Admitted
15. Admits that the U.S. Consumer Product Safety Commission issued a recall alert on August 27, 2008 with respect to certain Goodman Packaged Terminal Air Conditioner/Heat Pump (PTAC) units and that said recall alert referenced issues with the power cords but Tower denies the accuracy of these reports, that the PTAC fires in apartments 4B and 6B involved recalled power cords or that Tower's power cords caused the PTAC fires at plaintiff's building. See report of Allen Eberhardt, Ph.D. at Ex. G to

Haworth Dec. in Support of Summary Judgment and report of Andrew Neuhalfen, Ph.D. at Ex. A to Haworth Dec. in Opposition to Summary Judgment.

16. Admits that the U.S. Consumer Product Safety Commission issued a recall alert on August 27, 2008 with respect to certain Goodman Packaged Terminal Air Conditioner/Heat Pump (PTAC) units and that said recall alert referenced issues with the power cords but Tower denies the accuracy of these reports, that the PTAC fires in apartments 4B and 6B involved recalled power cords or that Tower's power cords caused the PTAC fires at plaintiff's building. See Eberhardt Rpt. at Ex. G to Haworth Dec. in Support of Summary Judgment and Neuhalfen Rpt. at Ex. A to Haworth Dec. in Opposition to Summary Judgment.

17. Admitted

18. Denied. There is no evidence that the PTAC cords involved in the fires in apartments 2B, 4B and 6B had defective or loosely crimped connections. See Eberhardt Rpt. at Ex. G to Haworth Dec. in Support of Summary Judgment and Neuhalfen Rpt. at Ex. A to Haworth Dec. in Opposition to Summary Judgment.

19. Denied. The arcing originated between the Line 2 and Compressor circuits (J305 and J306). See Eberhardt Rpt., p. 3 at Ex. G to Haworth Dec. in Support of Summary Judgment and Neuhalfen Rpt., p. 5-8 at Ex. A to Haworth Dec. in Opposition to Summary Judgment.

20. Denied. See Eberhardt Rpt., p. 3 at Ex. G to Haworth Dec. in Support of Summary Judgment and Neuhalfen Rpt., p. 7-9 at Ex. A to Haworth Dec. in Opposition to Summary Judgment.

21. Denied. <u>See</u> Eberhardt Rpt. p. 3-4 and 7 at Ex. G to Haworth Dec. in Support of Summary Judgment and Neuhalfen Rpt., p. 7-9 at Ex. A to Haworth Dec. in Opposition to Summary Judgment.

22. Denied. <u>See</u> Eberhardt Rpt. 3-7 at Ex. G to Haworth Dec. in Support of Summary Judgment and Neuhalfen Rpt., p. 6 at Ex. A to Haworth Dec. in Opposition to Summary Judgment.

23. Denied. <u>See</u> Eberhardt Rpt. at Ex. G to Haworth Dec. in Support of Summary Judgment and Neuhalfen Rpt., p. 6 at Ex. A to Haworth Dec. in Opposition to Summary Judgment.

24. Denied. <u>See</u> Eberhardt Rpt. at Ex. G to Haworth Dec. in Support of Summary Judgment and Neuhalfen Rpt., p. 6 at Ex. A to Haworth Dec. in Opposition to Summary Judgment.

25. Denied. <u>See</u> Eberhardt Rpt. at Ex. G to Haworth Dec. in Support of Summary Judgment and Neuhalfen Rpt. at Ex. A to Haworth Dec. in Opposition to Summary Judgment.

26. Denied. <u>See</u> Eberhardt Rpt. at Ex. G to Haworth Dec. in Support of Summary Judgment and Neuhalfen Rpt. at Ex. A to Haworth Dec. in Opposition to Summary Judgment.

27. Admitted.

28. Denied as there is no evidence that tested the spacing of the board at the Line 2 and Compressor circuits. <u>See</u> Chan Dep., p. 28 at Ex. B to Haworth Dec. in Opposition to Summary Judgment.

29. Admitted.

4

30. Denied. <u>See</u> Neuhalfen Rpt., p. 6-7 at Ex. A to Haworth Dec. in Opposition to Summary Judgment; Eberhardt Rpt., p. 3, 5-6 at Ex. G to Haworth Dec. in Opposition to Summary Judgment.

31. Denied. <u>See</u> Neuhalfen Rpt., p. 6-7 at Ex. A to Haworth Dec. in Opposition to Summary Judgment; Eberhardt Rpt., p. 3, 5-6 at Ex. G to Haworth Dec. in Opposition to Summary Judgment; Gregory Dep., p. 100-101 at Ex. I to Haworth Dec. in Support of Summary Judgment.

32. Denied. <u>See</u> Neuhalfen Rpt., p. 6-7 at Ex. A to Haworth Dec. in Opposition to Summary Judgment; Eberhardt Rpt., p. 3, 5-6 at Ex. G to Haworth Dec. in Opposition to Summary Judgment; Gregory Dep., p. 100-101 at Ex. I to Haworth Dec. in Support of Summary Judgment.

33. Denied. <u>See</u> Neuhalfen Rpt., p. 6-7 at Ex. A to Haworth Dec. in Opposition to Summary Judgment; Eberhardt Rpt., p. 3, 5-6 at Ex. G to Haworth Dec. in Opposition to Summary Judgment.

34. Denied. <u>See</u> Neuhalfen Rpt., p. 6-7 at Ex. A to Haworth Dec. in Opposition to Summary Judgment; Eberhardt Rpt., p. 3, 5-6 at Ex. G to Haworth Dec. in Opposition to Summary Judgment.

35. Denied. <u>See</u> Neuhalfen Rpt., p. 6-7 at Ex. A to Haworth Dec. in Opposition to Summary Judgment; Eberhardt Rpt., p. 3, 5-6 at Ex. G to Haworth Dec. in Opposition to Summary Judgment.

**TOWER'S COUNTER STATEMENT OF DISPUTED MATERIAL FACTS**

In opposition to Everex's summary judgment motion, Tower relies on the facts set forth in its Rule 56.1 statement in support of its summary judgment motion and also submits this counter statement of material facts in opposition. Tower contends that the following facts are supported by evidence, that these facts are material, and that, to the extent not admitted by Everex, there is at least a genuine dispute as to these material facts:

1. Photographs of the cross-sections of various crimp connections from pre-recalled cords show that there was "adequate compression of the wire strands for the copper conductors within the barrel of the crimp connection" and that "deformation of the wire strands of the black conductor was proper for an acceptable and reliable electrical connection and mechanical connection of a crimp terminal." See Neuhalfen Rpt., p. 7-9 at Ex. A to Haworth Dec. in Opposition to Summary Judgment.

2. Power cords recovered from the PTAC fires at plaintiff's building had <u>not</u> exhibited melt prior to being exposed to heat from an external fire and the characteristics of the damage to the insulation is not associated with the operation of an improper crimp connection. Id. at p. 6.

3. Everex misapplies the spacing requirement set forth under UL 873. See Neuhalfen Rpt., p. 6-7 at Ex. A to Haworth Dec. in Opposition to Summary Judgment; Eberhardt Rpt., p. 3, 5-6 at Ex. G to Haworth Dec. in Opposition to Summary Judgment.

4. The wiring diagrams of the PTAC show that there are operational modes when the relay is open and the Line 2 and Compressor circuits are at opposite polarity requiring a spacing of ¼ inch distance apart to comply with UL 873. See Neuhalfen

6

Rpt., p. 6-7 at Ex. A to Haworth Dec. in Opposition to Summary Judgment; Eberhardt Rpt., p. 3, 5-6 at Ex. G to Haworth Dec. in Opposition to Summary Judgment.

5. There is no reference anywhere in the UL certification report for the M61 that a footnote to UL 873 applies allowing the spacing of the Line 2 and Compressor circuits to be less than ¼ inches apart. See M61 UL Report at Ex. C to Haworth Dec. in Opposition to Summary Judgment.

6. There is no evidence that UL evaluated the spacing of the M61 circuit board let alone tested the M61 in a fully functioning and wired PTAC unit so as to determine whether there were certain operational modes when the Line 2 and Compressor circuits would be of opposite polarity and therefore would need to be spaced at a minimum ¼ apart. See Chan Dep., p. 28 at Ex. B to Haworth Dec. in Opposition to Summary Judgment.

7. Everex's failure to provide adequate spacing leaves no margin of error and makes the M61 prone to arc tracking should the space between the traces become contaminated with moisture, dust, other contaminants from the manufacturing process or even claimed PVC deposits from melted insulation. See Neuhalfen Rpt., p. 6-7 at Ex. A to Haworth Dec. in Opposition to Summary Judgment; Eberhardt Rpt., p. 5 at Ex. G to Haworth Dec. in Support of Summary Judgment.

8. Had the M61 been designed to comply with UL's ¼ inch spacing requirement, it would have had the necessary margin of error to avoid the risk and the resulting PTAC fires. See Neuhalfen Rpt., p. 6-7 at Ex. A to Haworth Dec. in Opposition to Summary Judgment; Eberhardt Rpt., p. 5 at Ex. G to Haworth Dec. in Support of Summary Judgment.

7

Dated: New York, New York
February 28, 2011

SCOTT L. HAWORTH (SH-5890)
BARRY L. GERSTMAN (BG-3691)
HAWORTH COLEMAN & GERSTMAN, LLC
45 Broadway, 21st Floor
New York, New York 10006
Telephone: (212) 952-1100
Facsimile: (212) 952-1110
Attorneys for Third-Party Defendant/Second
Third-Party Plaintiff
Tower Manufacturing Corporation

## **CERTIFICATE OF SERVICE**

      I, Scott L. Haworth, hereby certify and affirm that a true and correct copy of the attached **TOWER MANUFACTURING CORPORATION'S OPPOSITION TO EVEREX'S LOCAL RULE 56.1 STATEMENT** was served via ECF on February 28, 2011, upon the following:

Dennis Perlberg, Esq.
SPEYER & PERLBERG, LLP
Attorneys for Second Third-Party Defendant
Everex Communications, Inc.
115 Broadhollow Road, Suite 250
Melville, New York  11747

Steven Bennett, Esq.
Maxime Guindo, Esq.
JONES DAY
Attorneys for Defendants/Third-Party Plaintiffs
Goodman Global, Inc., Goodman Company, L.P.
and Goodman Manufacturing Company, L.P.
222 East 41st Street
New York, New York  10017

Michael J. Dougherty, Esq.
WELTMAN, WEINBERG & REIS, CO., L.P.A.
Attorneys for Second Third-Party Defendant
Prime Technology (Guangzhou), Inc.
325 Chestnut Street, Suite 501
Philadelphia, PA 19106


Dated: New York, New York
        February 28, 2011

                                            _____
                                            Scott L. Haworth (SH-3890)
                                            Barry L. Gerstman (BG-3691)
                                            HAWORTH COLEMAN & GERSTMAN LLC
                                            45 Broadway, 21st Floor

Telephone: (212) 952-1100
Facsimile: (212) 952-1110
Attorneys for Third-Party Defendant/
Second Third-Party Plaintiff
Tower Manufacturing Corporation