UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GAETANO DEVELOPMENT CORP, GATEWAY IV, LLC and HARTFORD FIRE INSURANCE COMPANY a/s/o GATEWAY IV, LLC

Plaintiffs,

-against-

GOODMAN MANUFACTURING COMPANY, LP, GOODMAN COMPANY, LP and GOODMAN GLOBAL, INC

Defendants.

Judge Rakoff

Case No.: 09-CV-10090

---

GOODMAN COMPANY, LP

Third-Party Plaintiff,

-against-

TOWER MANUFACTURING CORPORATION

Third-Party Defendant.

---

TOWER MANUFACTURING CORPORATION

Second Third-Party Plaintiff,

EVEREX COMMUNICATIONS, INC, PRIME TECHNOLOGY (GUANGZHOU), INC, CONNECTICUT PTAC SERVICES, LLC, and COOL TECH HVAC SERVICE, LLC

Second Third Party Defendants.

---

**PRIME TECHNOLOGY (GUANGZHOU) INC.'S MEMORANDUM OF LAW IN SUPPORT OF PRIME'S REPLY TO TOWER MANUFACTURING CORPORATION'S ANSWER TO PRIME'S MOTION FOR SUMMARY JUDGMENT**

## PRIME'S REPLY TO TOWER'S ANSWER TO PRIME'S MOTION FOR SUMMARY JUDGMENT

## "AND PRIME" IS NOT A FACTUAL AND/OR LEGAL BASIS TO OVERCOME PRIME'S MOTION FOR SUMMARY JUDGMENT

Prime, the manufacturer of the M61 circuit board at issue here, has brought the rare, sustainable motion for summary judgment on the basis that Tower has not produced **any** factual basis to establish that a manufacturing defect was in anyway related to the cause of this loss. Prime's motion consisted of a breakdown of the report of Tower's expert in which no reference to a manufacturing defect could be found. In response to Prime's motion, Tower attempts to treat Everex, the designer of the circuit board, interchangeably with Prime, the manufacturer of the board. Tower focuses on their claim that the cause of this loss was not the improper crimp, but a spacing issue on the board. Assuming for the moment, but without conceding that the spacing was the cause of this loss, Prime played no role in the design of the board as it relates to the spacing issue. See affidavit of Steven Horvath attached to Prime's motion for summary judgment. In addition, Tower has not produced **any** evidence to contradict this fact or to even color a shade of grey to this fact.

Throughout Tower's response, Tower argues that Everex "and Prime" are responsible for this loss related to the alleged improper spacing on the M61 board. Review of Tower's response reveals the following:

1. Tower does not point to one fact that contradicts the undisputed testimony from Prime that Prime did not play any role in the design of the M61 board, which includes the spacing of that board;

2. Neither Tower's agreed to expert, Allen Eberhardt, nor its second expert, Andrew Neuhalfen[1], have presented any evidence that a manufacturing issue was related to the cause of this loss; and,

---

[1] See declaration of Michael J. Dougherty in which the report of Andrew Neuhalfen should not even be considered for purposes of Tower's response to Prime's motion for summary judgment. Even if considered, Mr. Neuhalfen also does not give any opinion that a manufacturing issue was a cause of this loss.

      3.      In addition to its experts not providing any evidence that a manufacturing issue caused this loss, Tower does not produce **any** evidence of any sort that a manufacturing issue was involved in this loss.

As indicated, sustaining a summary judgment motion on the issue of causation in a products case is the rarity, but as a result of Tower's failing to produce any evidence that a manufacturing defect may have caused this loss, Prime's motion for summary judgment should be granted.

<u>**PRIME HEREBY INCORPORATES EVEREX' REPLY TO TOWER'S MEMORANDUM OF LAW IN RESPONSE TO EVEREX' SUMMARY JUDGMENT MOTION ON THE ISSUES OF CONTRIBUTION AND INDEMNIFICATION**</u>

On the procedural issues of Tower's inability to recover against Everex and Prime on Tower's contribution and indemnification claims, Everex and Prime's reasoning are in accord. Rather than recite the same factual and legal basis set forth in Everex' reply, Prime hereby incorporates by reference hereto Everex' reply to Tower's answer to Everex' motion for summary judgment as set forth in Points I and II therein and filed at docket number 142.

 

_____
Michael J. Dougherty, Esquire
Weltman, Weinberg & Reis Co., LPA
325 Chestnut Street
Suite 501
Philadelphia, PA  19106
215.599.15000