```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
GAETANO DEVELOPMENT CORP., GATEWAY    :
IV, LLC, and HARTFORD FIRE INSURANCE  :
COMPANY a/s/o Gateway IV, LLC,        :
                                      :
          Plaintiffs,                 :
                                      :
          -v-                         :
                                      :
GOODMAN GLOBAL, INC., GOODMAN         :
COMPANY, L.P., and GOODMAN            :
MANUFACTURING COMPANY, L.P.,          :
                                      :
          Defendants.                 :
------------------------------------- x       09 Civ. 10090 (JSR)
GOODMAN COMPANY, L.P.,                :
                                      :       ORDER
          Third-Party Plaintiff,      :
                                      :
          -v-                         :
                                      :
TOWER MANUFACTURING CORPORATION,      :
                                      :
          Third-Party Defendant.      :
------------------------------------- x
TOWER MANUFACTURING CORPORATION,      :
                                      :
          Fourth-Party Plaintiff,     :
                                      :
          -v-                         :
                                      :
EVEREX COMMUNICATIONS, INC., PRIME    :
TECHNOLOGY (GUANGZHOU), INC.,         :
CONNECTICUT PTAC SERVICES, LLC, and   :
COOL TECH HVAC SERVICE, LLC,          :
                                      :
          Fourth-Party Defendants.    :
------------------------------------- x
```



JED S. RAKOFF, U.S.D.J.

On December 10, 2009, plaintiff Hartford Fire Insurance Company ("Hartford"), as subrogee of Gateway IV, LLC ("Gateway"), filed a complaint to recover damages resulting from fire losses

caused by combination heating and air-conditioning units ("PTAC Units") manufactured by Goodman and installed in a condominium building owned by Gateway. Shortly thereafter, Gateway, along with Gaetano Development Corp. (collectively "Gaetano"), the condominium project's developer, filed a separate complaint seeking recompense from Goodman for damages arising from these same fires. On February 18, 2010, the Court ordered the consolidation of these two cases. On March 1, 2010, Goodman Company, L.P. ("Goodman") served a third-party complaint on Tower Manufacturing Corporation ("Tower"), manufacturer of the power cords used in Goodman's PTAC units, seeking indemnity and contribution in the event that Goodman is held liable to Gaetano and Hartford in the underlying action. By Order dated April 19, 2010, the Court severed this third-party action from the original action. Thereafter, on May 19, 2010, Tower served a fourth-party complaint on Everex Communications, Inc. ("Everex"), Prime Technology (Guangzhou), Inc. ("Prime"), Connecticut PTAC Services, LLC ("Connecticut PTAC") and Cool Tech HVAC Service, LLC ("Cool Tech") seeking indemnity and contribution in the event that Tower is held liable to Goodman in the third-party action. Everex designed the electronic control boards used in the PTAC units; Prime manufactured those boards; and Cooltech and Connecticut PTAC serviced the PTAC units which caused the fires at the Gaetano

condominium complex. On February 25, 2011, Tower voluntarily dismissed its claims against Connecticut PTAC and CoolTech.

On July 9, 2010, the Court granted, in their entirety, Gaetano and Hartford's separate motions for summary judgment as to Goodman's liability for the damages caused by the fires, and set a trial date of August 2, 2010 to determine what those damages were. In that Order, the Court also granted in part and denied in part Goodman's motion for summary judgment limiting the types of damages available to Gaetano and Hartford, as well as denied Hartford's motion for summary judgment as to Goodman's damages. Thereafter, prior to adjudication of damages could occur at trial, on July 30, 2010 and August 4, 2010, respectively, Gaetano and Hartford settled their claims against Goodman, thereby terminating the original action.

Currently pending in the instant action are Tower's motion for summary judgment against Goodman, and Prime and Everex's motions for summary judgment against Tower. Having carefully considered the parties' extensive submissions, as well as oral argument on March 17, 2010, the Court rules as follows: First, no party has met its evidentiary burden as to causation on summary judgment, and, accordingly, there remain genuine issues of material fact for trial with respect to whether the fires were caused by Tower's defective power cords, inadequate spacing on Everex-designed control boards,

or some combination of the two. Second, the component manufacturer doctrine does not serve to shield Tower from liability in any respect. Third, despite Goodman's contributory negligence, Goodman is entitled to indemnification under New York common law as its negligence was "passive" rather than "active." Fourth, Goodman is eligible for contractual indemnification and recovery for breach of warranty as against Tower, assuming Tower is found to have caused the fires. Fifth, Goodman's claim for indemnification under Texas statutory law is dismissed, as Texas law does not govern in this action. Sixth, Goodman's claim for contribution is extinguished by operation of New York General Obligations Law ("NY GOL") § 15-108, as Goodman settled with Gaetano and Hartford before an adjudication of its damages could occur in the original action. Seventh, Tower's claims against Prime are dismissed, in their entirety, as there is no evidence in the record whatsoever that the control boards were defectively manufactured. Eighth, NY GOL § 15-108 has no bearing on Tower's claim for contribution as against Everex. And Ninth, that Tower's claim for indemnification against Everex is dismissed, in its entirety, as there is no scenario in which Tower could be held liable in this action without a fact-finder determining that its negligence was a substantial factor in causing the fires.

In summary, the court hereby: (1) grants Tower's motion with respect to Goodman's contribution claim and its claim under Texas

4

statutory law, but otherwise denies the motion; (2) grants Everex's motion with regard to Tower's indemnification claim, but otherwise denies the motion; and (3) grants Prime's motion in its entirety. Accordingly, Prime is no longer a party to this action.

An opinion explaining the reasons for these rulings will issue in due course. Meanwhile, the Clerk of the Court is directed to close documents numbered 114, 115, and 116 on the docket of this case. The parties are reminded that the remaining claims in this matter will proceed to trial, to commence promptly at 9:00 a.m. on August 1, 2011.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J

Dated: New York, NY
       March 28, 2011