UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/3/11
```

-----------------------------------------------------X
GAETANO DEVELOPMENT CORP., GATEWAY
IV, LLC, and HARTFORD FIRE INSURANCE
COMPANY a/s/o Gateway IV, LLC,
                              Plaintiffs,

                -against-

GOODMAN GLOBAL, INC., GOODMAN
COMPANY, L.P., and GOODMAN
MANUFACTURING COMPANY, L.P.,
                              Defendants.
-----------------------------------------------------X
GOODMAN COMPANY, L.P.,
                              Third-Party Plaintiff,

                -against-

TOWER MANUFACTURING CORPORATION,
                              Third-Party Defendant.
-----------------------------------------------------X
TOWER MANUFACTURING CORPORATION,
                              Fourth-Party Plaintiff,

                -against-

EVEREX COMMUNICATIONS, INC.,
                              Fourth-Party Defendant.
-----------------------------------------------------X

09 CIVIL 10090(JSR)

## JUDGMENT

      Whereas the only remaining parties in this case--scheduled for trial on September 6, 2011--having informed the Court that they have reached a settlement, and the matter having come before the Honorable Jed S. Rakoff, United States District Judge, and the Court, on August 29, 2011, having rendered its Order dismissing the claims in the cases entitled <u>Goodman Co.,L.P. v. Tower Manufacturing Corp. and Tower Manufacturing Corp. v. Everex Communications, Inc</u> with prejudice, but with leave to any party to move within 30 days from the date of the Order dated August 29, 2011 to reopen either case and proceed to trial if the settlement is not fully effectuated,

and directing the Clerk of the Court to enter judgment dismissing the entirety of this case and to close the case, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated August 29, 2011, the claims in the cases entitled <u>Goodman Co.,L.P. v. Tower Manufacturing Corp. and Tower Manufacturing Corp. v. Everex Communications, Inc.</u>, are dismissed with prejudice, but with leave to any party to move within 30 days from the date of the Order dated August 29, 2011 to reopen either case and proceed to trial if the settlement is not fully effectuated; accordingly, judgment is entered dismissing the entirety of this case and the case is closed.

**Dated:** New York, New York
August 31, 2011

**RUBY J. KRAJICK**

**Clerk of Court**

**BY:** _____

**Deputy Clerk**

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____